IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CINDY I. DIAZ,

      Plaintiff,               No. 2:12-cv-0328-JFM (PC)

    vs.

SISKIYOU COUNTY JAIL,

      Defendant.        <u>ORDER</u>

_____/

      Plaintiff is a county jail inmate proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed March 14, 2012, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint.  On April 18, 2012, plaintiff filed a letter addressed to the undersigned, accompanied by the notice of submission of documents appended to the March 14, 2012 order.  Good cause appearing, the court construes plaintiff's letter as a proposed second amended complaint.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

It appears from the proposed second amended complaint that plaintiff is claiming violation of her rights under the Eighth Amendment by deliberate indifference to her serious medical needs.  However, plaintiff has not identified any individual defendants, nor has she

1   alleged specific acts or omissions by anyone that are causing or contributing to a violation of her

2   rights under the Eighth Amendment.  For that reason, the second amended complaint must be

3   dismissed.  The court will grant plaintiff leave to file a third amended complaint.  Any third

4   amended complaint must be prepared on the court's form civil rights complaint, which will be

5   provided to plaintiff with this order.

6          If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate

7   how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

8   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint

9   must identify specific individual defendants and must allege in specific terms how each named

10  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

11  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

12  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

13  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

14  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

15  F.2d 266, 268 (9th Cir. 1982).

16         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17  order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an

18  amended complaint be complete in itself without reference to any prior pleading.  This is

19  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

20  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the

21  original pleading no longer serves any function in the case.  Therefore, in a third amended

22  complaint, as in an original complaint, each claim and the involvement of each defendant must

23  be sufficiently alleged.

24         In accordance with the above, IT IS HEREBY ORDERED that:

25         1.  Plaintiff's second amended complaint is dismissed.

26  /////

3

1    2.  Within thirty days from the date of this order, plaintiff shall complete the

2    attached Notice of Amendment and submit the following documents to the court:

3    a.  The completed Notice of Amendment; and

4    b.  An original and one copy of the Third Amended Complaint.

5    Plaintiff's third amended complaint shall be completed on the form provided with this order and

6    shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure,

7    and the Local Rules of Practice; the third amended complaint must bear the docket number

8    assigned this case and must be labeled "Third Amended Complaint"; failure to file a third

9    amended complaint in accordance with this order may result in the dismissal of this action.

10   3.  The Clerk of the Court is directed to send plaintiff this court's form prisoner

11   civil rights complaint and accompanying instructions.

12   DATED: April 27, 2012.

UNITED STATES MAGISTRATE JUDGE

12
diaz0328.142

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CINDY I. DIAZ,

       Plaintiff,                No. 2:12-cv-0328 JFM (PC)

   vs.

SISKIYOU COUNTY JAIL,          <u>NOTICE OF AMENDMENT</u>

      Defendant.

_____/

      Plaintiff hereby submits the following document in compliance with the court's

order filed _____:

     _____      Third Amended Complaint

DATED:

                                    _____
                                      Plaintiff